In the Matter of the General Assignment for the Benefit of Creditors of DECATUR RADIO, INC., Assignor, to NEW YORK CREDIT MEN'S ADJUSTMENT BUREAU, INC., Assignee.

Supreme Court, Special Term, Bronx County, March 29, 1954.

*Levin & Weintraub* for assignee.

MATTHEW M. LEVY, J. The assignee in the matter of a general assignment for the benefit of creditors has moved before me for a settlement of its account. The estate is hopelessly insolvent, and when the proper expenses of administration are

deducted, only priority creditors will be paid and then only to the extent of small prorata shares of their respective claims. A reading of the account would indicate that all necessary disbursements of administration were included, except " commissions due the assignee, and fees due the assignee's attorneys for legal services ". Creditors of the assignor, the surety on the assignee's bond and all other interested **persons were** directed to show cause why the " account should not be settled and allowed as filed, and why an order should not issue discharging the assignee and releasing it from any and all further liability as such and releasing the surety on the bond and discharging the bond after compliance with the order herein, without further notice, and why such other and further relief as to the court may seem just and proper should not be granted ". There were submitted to me on the return day of the motion (among other papers) the due computation of the assignee's statutory commissions, an application by its attorneys for fees, and an application for compensation by accountants who on the assignee's behalf audited the debtor's records. No one appeared in opposition to the settlement of the account, but an examination of the papers compels me to recognize that two issues are deserving of mention.

(1) How much the attorneys and accountants request does not appear to have been brought specifically to the attention of those who are interested in, and entitled to notice of matters having to do with, the administration of the estate. When allowances by attorneys and court-appointed officials are requested in bankruptcy matters, in foreclosure actions, in incompetency proceedings, in decedents' estates, in cases involving infants, and the like, the usual practice is to inform all interested parties of the request and the amount requested. I see no reason why in general assignments for the benefit of creditors under the Debtor and Creditor Law, the procedure should be otherwise. Indeed I should have supposed that statute, rule or routine practice would have required that the order to show cause — going out to all interested persons — that the assignee's final account would be presented to the court for settlement, include notice that certain persons were applying for allowances, and the amount thereof as to each applicant. Yet, as contended by the experienced and capable attorneys in the instant proceeding, there is no statutory provision or rule of court requiring it, and the practice (in this department at least) has not compelled it.

There is no doubt in my mind that proper regard for the due judicial administration of these business matters warrants a change, so that misunderstandings will be avoided and abuses will be prevented. Requiring such notice should be standard procedure. I am hopeful that the committees of the bar and of commerce presently studying the matter of practice and procedure in such assignments will consider this reform as well, so that recommendations may be made to the Legislature or the court for appropriate amendatory action.

(2) The second matter involves only the application of the accountants. Aside from the fact that creditors were not informed of the amount of compensation sought by the accountants (which is a matter I have already discussed), it does not appear that the account or petition praying for its settlement indicates that accountants were going to make any application for allowances, or that they were retained by the assignee (and in consequence that a charge for their services would be an administration expense), or that such engagement was in pursuance of permission granted by the court. An examination of the filed papers discloses that no application was made by the assignee for leave to employ an accountant, and there is no order or authorization in that regard.

There are no regulations specially adopted for Bronx County governing general assignments for the benefit of creditors, such as have been promulgated by the court for New York County. In the absence of such rules for the Bronx, I have generally followed those set down for New York County (both counties being in the same judicial department). However, I find that no rule on the subject now mentioned has been adopted for New York. I think there should be, and the committees to which I have referred might well study this matter also.

I bring to their attention that the Kings County Supreme Court Rules (No. 47) provide that " no  *  *  *  accountant shall be employed or retained by the assignee, except upon an order of the court ", that " Such order shall be made only if it satisfactorily appears to the court that it is required in the best interests of the estate ", and that detailed requirements are specified as to what should be presented to the court on the application for such engagement. And I note, too, that paragraph (8) of subdivision (b) of rule 58 of the Supreme Court of Kings County requires that in his final report and account, the assignee must set forth, among other things, " a statement of the amount of compensation requested by any  *  *  *  persons employed or retained pursuant to the order of the court  *  *  *  and the maximum

amount of their compensation or the rate or measure thereof as fixed by the order; and such comments and recommendations as the assignee may deem appropriate ''. True, Kings County is in another judicial department — but it is within the same great commercial and metropolitan center — and the attitudes of commerce and trade and law in the several sections of New York City do not strike me as being so different as to warrant varying rules for the handling of these matters. It seems to me that due consideration should be given to the value of uniformity in what is judicially required of businessmen and of lawyers in the administration and winding up of insolvent concerns.

Determination of the present application will under the circumstances be held in abeyance, so as to permit the assignee (1) to petition for leave to retain accountants *nunc pro tunc;* (2) to inform the priority creditors (as the only ones now interested) of the requests for allowances; and (3) to allow a reasonable period thereafter to expire, so that the court might receive comments, objections or recommendations from the assignee or from any interested person as to the allowances applied for.