Matthew M. Levy, J.
TMs is an accounting by the petitioner Morgan, presently acting as the sole trustee, and by the petitioner Bloomer j Jr., the resigned trustee, for the period from July 23, 1942, the date of the trust agreement made by one Carleton H. Palmer, to June 18,1954, the date of Bloomer’s resignation. There appear to be no objections to the accounts and the special guardian recommends the allowance thereof. The application for the judicial settlement of the intermediate account of proceedings of the trustee and resigned trustee is accordingly granted.
There is a construction issue presented — whether the present remaining trustee may continue as the sole trustee or whether a second trustee must be designated. Where there is a plurality of trustees established in the indenture, the question of whether the estate must always be administered by the stated number of trustees depends (in the absence of special circumstances) on the manifestation of clear intent that the specified number is mandatory. Article Tenth* of the present trust agreement is the applicable clause. It provides for the succession in the event a vacancy occurs, and it sets up a comprehensive outline *182 for the filling of vacancies. However, it appears to me that these provisions are not mandatory but permissive; and in this view, both the petitioners and the special guardian agree. The cases cited in both briefs make it clear — there being no special circumstances present — that the petitioner Morgan may act as the sole trustee and that the designation of a second trustee is not required (see, particularly, Goldstein v. Trustees of the Sailors’ Snug Harbor, 277 App. Div. 269, 280).
I see no affidavits of services or requests for allowances. If any provision therefor is to be included in the order to be settled hereon, counsel and the special guardian are to proceed in accordance with Matter of Decatur Radio (Credit Men’s Adjustment Bureau) (205 Misc. 905).

Paragraph Tenth reads as follows: “ Tenth: Any Trustee at any time in office hereunder may, at any time when there shall be two Trustees in office hereunder, resign by an instrument in writing signed and acknowledged by him and delivered to the remaining Trustee then in office. If, during the term of this trust, one or more of the Trustees shall resign or become unable or refuse to act hereunder, his or their successor or successors shall be appointed as follows:
“ (1) If said Sherley W. Morgan be then living he may, by an instrument or instruments in writing duly acknowledged, appoint successor trustees of his own selection to fill all vacancies occurring during his life.
“ (2) If said Sherley W. Morgan be dead or shall refuse to appoint a successor trustee or successor trustees when entitled by the terms hereof so to do, Lowell P. Weicker shall have authority to appoint, by an instrument or instruments in writing, duly acknowledged, a successor trustee or successor trustees to fill any vacancies then or thereafter existing during his life. If any vacancy or vacancies in the trusteeships hereunder shall exist after the death of the survivor of said Sherley W. Morgan and said Lowell P. Weicker, such vacancy or vacancies shall be filled by John J. Graeber, or, if he shall not at the time be living, by the person who shall at the time be the President of The Chase National Bank of the City of New York, by an instrument or instruments in writing, duly acknowledged.
“Any successor or substitute trustee at any time acting hereunder shall have like powers as if named as an original trustee hereunder. The term “ Trustees ” wherever used herein shall be deemed to include the singular number at any time when There may be only one Trustee in office hereunder.”